IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

WAYNE THOMAS JOHNSON,             )
                                  )
        Petitioner,                )
                                  )
        v.                         )         1:18CR208-1
                                  )         1:22CV902
UNITED STATES OF AMERICA,         )
                                  )
        Respondent.                )

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On November 28, 2018, this Court (per United States District Judge William L. Osteen, Jr.) entered a Judgment against Petitioner imposing, inter alia, a prison term of 151 months, as a result of his guilty plea to bank robbery in violation of 18 U.S.C. § 2113(a). (See Docket Entry 24 at 1-2; see also Docket Entry 1 (Indictment); Docket Entry 13 (Plea Agt.); Docket Entry 14 (Factual Basis); Minute Entry dated Aug. 21, 2018 (documenting guilty plea); Minute Entry dated Nov. 28, 2018 (documenting sentencing).)[1] Petitioner did not timely appeal. (See Docket Entry 32, ¶ 8.)[2]

---

[1] Parenthetical citations refer to Petitioner's above-captioned federal criminal case.

[2] On September 26, 2022, the Clerk docketed an unsigned card dated September 21, 2022, bearing the handwritten words "Notice of Appeal." (Docket Entry 28 at 1 (standard capitalization applied).) The card contained two pages from Petitioner's Judgment (see id. at 3-4), as well as a letter addressed to Petitioner from the warden of his prison dated July 25, 2022, denying Petitioner's "request[ for] a reduction in sentence (RIS) based on [his] medical condition" (id. at 5). Following the transmission of that filing and the Docket Sheet to the United States Court of Appeals for the Fourth Circuit (see Docket Entry 29), the Fourth Circuit docketed
(continued...)

On October 21, 2022, the Clerk docketed Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion"), which he "declare[d] . . . under penalty of perjury . . . [he] placed in the prison mailing system on 10-15-22." (Docket Entry 32, Decl. ¶.) The Section 2255 Motion presents these four grounds for relief:

1) "prior record" (id., ¶ 12(Ground One); see also id., ¶ 12(Ground One)(a) (alleging as, "[s]upporting facts," that "[t]he Court went back too far on [Petitioner's] prior record level"));[3]

2) "ineffective assistance of concel [sic]" (id., ¶ 12(Ground Two); see also id., ¶ 12(Ground Two)(a) (alleging as, "[s]upporting facts," that Petitioner's counsel "[d]id [not] challenge [Petitioner's] prior record level"));

3) "[Petitioner] could not hear the proceeding properly" (id., ¶ 12(Ground Three); see also id., ¶ 12(Ground Three)(a) (alleging as, "[s]upporting facts," that "[t]he entire proceeding was to [Petitioner's] prejudice")); and

---

[2](...continued)
an appeal (see Docket Entry 30) and appointed counsel for Petitioner (see Docket Entry 31). Subsequently, on December 15, 2022, the Fourth Circuit "dismisse[d] the appeal as untimely." (Docket Entry 34 at 1.)

[3] Quotations from the Section 2255 Motion utilize standard capitalization conventions.

4) "the date of said crime was wrong" (id., ¶ 12(Ground Four); see also id., ¶ 12(Ground Four)(a) (alleging, as "[s]upporting facts," that "[crime] was on the 8th not the 7th")).

The United States has "move[d] this Court to dismiss [the Section 2255 M]otion because [Petitioner] satisfies no provision to make his filing timely, nor meets his burden to justify equitable tolling." (Docket Entry 37 ("Dismissal Motion") at 5 (citing 28 U.S.C. § 2255(f)(1)-(4)); see also id. at 6 (certifying service of Dismissal Motion on Petitioner by mail on December 22, 2022).) The Clerk (via letter dated December 27, 2022) notified Petitioner of his "right to file a 20-page response in opposition to the [Dismissal M]otion" (Docket Entry 38 at 1) and warned him that:

> Ordinarily, uncontested motions are granted. Therefore, your failure to respond . . . within the allowed time may cause the [C]ourt to conclude that the [Dismissal Motion's] contentions are undisputed. As a result, the [C]ourt may dismiss your suit or render judgment against you. Therefore, unless you file a response in opposition to the [Dismissal M]otion, it is likely your case will be dismissed . . . . Any response or counter-affidavits or other responsive material to [the ] Dismiss[al Motion] must be filed within 21 days from the date of service of the [Dismissal M]otion upon you.

(Id. (bold font omitted).) Despite that warning, Petitioner did not respond to the Dismissal Motion. (See Docket Entries dated Dec. 22, 2022, to present.)

"A 1-year period of limitation shall apply to a motion under [ S]ection [2255]." 28 U.S.C. § 2255(f). Furthermore:

3

> [t]he limitation period shall run from the latest of--
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

Under Paragraph (1) of Subsection 2255(f), Petitioner's one-year period for seeking relief via Section 2255 began at the end of the day on December 12, 2018, "upon the expiration of the fourteen-day period for filing a direct appeal [after entry of the Judgment]," United States v. Diallo, 581 F. App'x 226, 227 (4th Cir. 2014) (citing Clay v. United States, 537 U.S. 522, 525 (2003), and Fed. R. App. P. 4(b)(1)(A)(i), (b)(6)); see also United States v. Oliver, 878 F.3d 120, 125 (4th Cir. 2017) ("A criminal conviction becomes final at the end of the appellate process — i.e., when the time for a direct appeal expires and the defendant has not noticed an appeal or, if the defendant pursues an appeal, when the time for filing a petition for certiorari expires."). That one-year period thereafter expired at the end of the day on

4

December 12, 2019, nearly three years before (as documented above) Petitioner submitted the Section 2255 Motion for mailing (on October 15, 2022).  See, e.g., United States v. Marcello, 212 F.3d 1005, 1010 (7th Cir. 2000) (holding that, pursuant to Paragraph (1) of Subsection 2255(f), "[t]he first day of the 1-year limitation period is the day after [a conviction became final], giving defendants until . . . the anniversary date of the [conviction becoming final] to file their habeas motion"), cited with approval in Hernandez v. Caldwell, 225 F.3d 435, 439 (4th Cir. 2000).

"Because Petitioner filed [the Section 2255] Motion after the statute of limitations [under Paragraph (1) of Subsection 2255(f)] had run, the Court [should] find[] that his [Section 2255 M]otion is untimely unless Petitioner [has] satisf[ied] his burden of demonstrating that either another provision of § 2255(f) or equitable tolling should be applied to his case." Gaddy v. United States, Nos. 3:08CR50, 3:11CV49, 2011 WL 7021140, at *4 (N.D.W. Va. Dec. 15, 2011) (unpublished) (emphasis added), recommendation adopted, 2012 WL 112638 (N.D.W. Va. Jan. 12, 2012) (unpublished), appeal dismissed, 473 F. App'x 281 (4th Cir. 2012); see also Holland v. Florida, 560 U.S. 631, 649 (2010) (holding, in habeas context, that equitable tolling requires proof of two preconditions: "(1) that [the petitioner] has been pursuing his rights diligently, and (2) that some extraordinary circumstance

5

stood in his way and prevented timely filing" (internal quotation marks omitted)). Petitioner has not carried that burden.

To begin, as previously documented, Petitioner did not contest the Dismissal Motion, despite a warning that such inaction likely would cause the Court to deem the Dismissal Motion uncontested and to dismiss the Section 2255 Motion. Nor do the Section 2255 Motion's contents render it timely; in that regard, in the portion of the form Petitioner used for the Section 2255 Motion entitled "Timeliness of Motion" (Docket Entry 32, ¶ 18 (all-caps font omitted)), which instructs petitioners that, "[i]f [their] judgment of conviction became final over one year ago, [they] must explain why the one-year statute of limitations as contained in [Section] 2255 does not bar [their] motion" (id.; see also id., ¶ 18 n.* (setting out Section 2255(f)'s full text)), Petitioner wrote: "Did not know how and could not see [sic] going blind." (Id., ¶ 18.)

Under these circumstances, "there is no indication that § 2255(f)(2)-(4) are implicated by [the Section 2255 M]otion and Petitioner has not proffered any arguments or facts suggesting differently." Banks v. United States, Nos. 2:13CR157, 2:16CV285, 2016 WL 9149511, at *2 (E.D. Va. July 11, 2016) (unpublished), appeal dismissed, 672 F. App'x 278 (4th Cir. 2016). Moreover, Petitioner's bare assertions that he "[d]id not know how [to proceed] and could not see" (Docket Entry 32, ¶ 18) do not warrant equitable tolling, see, e.g., San Martin v. McNeil, 633 F.3d 1257,

6

1268 (11th Cir. 2011) ("Mere conclusory allegations are insufficient to raise the issue of equitable tolling."); United States v. Sosa, 364 F.3d 507, 512 (4th Cir. 2004) ("[E]ven in the case of an unrepresented prisoner, ignorance of the law is not a basis for equitable tolling."); Mazola v. United States, Nos. 91-870-CR, 06-21782-CIV, 2007 WL 9760009, at *3 (S.D. Fla. Sept. 7, 2007) (unpublished) ("Courts have generally held that physical or mental conditions – such as blindness . . . – which merely imposes a burden, but does not actually prevent a habeas petitioner from filing a timely application for habeas relief does not constitute an extraordinary circumstance that justifies equitable tolling."), recommendation adopted, 2007 WL 9760010 (S.D. Fla. Oct. 15, 2007) (unpublished), aff'd, 294 F. App'x 480 (11th Cir. 2008).

Because Petitioner has not established a valid basis for application of Paragraphs (2) through (4) of Subsection 2255(f) or for equitable tolling, the Section 2255 Motion (filed nearly three years after his Judgment became final) fails as a matter of law due to its untimeliness.

**IT IS THEREFORE RECOMMENDED** that the Dismissal Motion (Docket Entry 37) be granted and that the Section 2255 Motion (Docket Entry 32) be dismissed, all without issuance of a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 14, 2024